| | |
|---|---|
| SHAHID HASSAN MUSLIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| LAURA ANDERSEN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court for initial review of the Plaintiff's Complaint [Civil Case No. 3:18-cv-00128-MR ("CV"), Doc. 1]. The Plaintiff, who is an incarcerated federal prisoner and proceeding *pro se*, filed this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), against the court reporter who transcribed the proceedings in his federal criminal prosecution. For the reasons that follow, the Court dismisses this action with prejudice.

**I.    BACKGROUND**

   **A.    Federal Criminal Proceedings**

From at least 2010 and continuing through November 2013, the Plaintiff, Shahid Hassan Muslim, operated a prostitution ring in Charlotte, North Carolina. [Criminal Case No. 3:13-cr-00307-RJC-DCK ("CR"), Docs.

24, 210]. He was subsequently indicted by a federal grand jury on ten counts, including kidnapping, sex trafficking, and sexual exploitation of a minor. [CR Doc. 24]. Following a week-long jury trial, a jury convicted the Plaintiff on all counts. [CR Doc. 70]. In May 2016, the Court[1] sentenced him to concurrent sentences on all counts, including three terms of life imprisonment. [CR Doc. 160]. The Plaintiff appealed. [CR Doc. 162].

While the matter was on appeal, the Plaintiff raised issues regarding the accuracy of the trial transcripts. The Plaintiff, through his appointed appellate counsel, moved the Court to order the court reporter, Laura Andersen ("Ms. Andersen"), to produce her computer hard drive so that the Plaintiff could attempt to recover the (since deleted) audio recordings of the trial proceedings. [CR Doc. 185]. The Fourth Circuit suspended briefing of the appeal and remanded the case to the Court for the limited purpose of resolving counsel's motion. [CR Doc. 187]. In June 2017, the Court denied the Plaintiff's motion on the grounds that: (1) the court reporter had certified the transcript as true and correct pursuant to 28 U.S.C. § 753; (2) the court reporter's stenographic notes were available for inspection; and (3) the Plaintiff's "bald assertions of judicial misconduct" were insufficient to warrant

---

[1] The Honorable Robert J. Conrad, Jr., United States District Judge, presiding.

accessing the court reporter's hard drive in an effort to recover the deleted audio recordings. [CR Doc. 188].

In August 2017, the Plaintiff's appellate counsel filed a motion in the Fourth Circuit to correct or modify the transcripts of the proceedings in district court, arguing that these transcripts contained several inaccuracies. [CR Doc. 189-1]. Specifically, counsel identified 17 instances in the transcripts which purportedly contained added, altered, or omitted statements. [Id.].

The Fourth Circuit again suspended the appellate briefing schedule and remanded the case to the Court for the limited purpose of ruling on the Plaintiff's motion to correct or modify. [CR Doc. 189]. On remand, the Court ordered Ms. Andersen to compare the challenged portions of the transcripts with her stenographic notes and to certify whether the challenged portions were accurate or whether they required correction. [CR Doc. 190]. Ms. Andersen subsequently filed a certification that the transcripts did not contain any omissions, additions, or altered testimony or statements. [CR Doc. 191].

Thereafter, the Court entered an Order denying the Plaintiff's motion to modify or correct the transcripts. In his Order, United States District Judge Robert J. Conrad, who had presided over the Plaintiff's criminal proceedings, noted that he personally had reviewed each challenged portion of the transcripts and found that "the previously filed official transcripts truly

3

disclose what occurred in district court." [CR Doc. 193 at 2]. Further, Judge Conrad noted that the Plaintiff had not provided any evidence, such as an affidavit from trial counsel, to support his contentions that the transcripts were materially altered. [Id.].

In November 2019, the Fourth Circuit affirmed the Plaintiff's conviction and sentence in all respects. [CR Doc. 210].

B. Civil Actions

While the Plaintiff's criminal appeal was pending, in October 2017, the Plaintiff filed a civil action against Ms. Andersen in this District, asserting clams pursuant to Bivens. [Civil Case No. 3:17-cv-00620-FDW ("2017 CV"), Doc. 1]. Specifically, the Plaintiff asserted that Ms. Andersen intentionally made alterations to the transcripts in his criminal case. [Id.]. In December 2017, the Court[2] conducted an initial review and dismissed the action without prejudice as barred by Heck v. Humphrey, 512 U.S. 477 (1994). [2017 CV Doc. 6]. The Plaintiff appealed this dismissal, but ultimately abandoned his appeal. [2017 CV Docs. 12, 13].

---

[2] The Honorable Frank D. Whitney, United States District Judge, presiding.

The Plaintiff filed the present Bivens action in March 2018, again asserting claims that Ms. Andersen intentionally altered the transcripts in his criminal case. [CV Doc. 1].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, the Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

5

## III. DISCUSSION

The Plaintiff brings this action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). A <u>Bivens</u> action seeks damages against a federal official acting under the color of law for violations of a plaintiff's constitutional rights. <u>Id.</u> Upon careful review of the Complaint, the Court concludes that the Plaintiff's action is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), as well as by the doctrine of *res judicata*.

### A. <u>Heck v. Humphrey</u>

In <u>Heck</u>, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." <u>Heck</u>, 512 U.S. at 487. If the Court answers this question in the affirmative, then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." <u>Bishop v. Cty. of Macon</u>, 484 F. App'x 753, 755 (4th Cir. 2012) (citation omitted). The principles of <u>Heck</u> apply equally to actions brought against federal officials under <u>Bivens</u>. <u>See</u> <u>Poston v. Shappert</u>, 222 F. App'x 301, 301 (4th Cir. 2007); <u>Messer v. Kelly</u>, No. 9707144, 1997 WL 712811, at

6

*1 (4th Cir. Nov. 17, 1997) (unpublished); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

Here, a judgment in favor of the Plaintiff on the claims asserted would necessarily imply the invalidity of his conviction. The Plaintiff contends that Ms. Andersen deliberately altered the transcripts of his criminal proceedings in order to permit the admission of prejudicial evidence that adversely affected the outcome of the proceedings. [CV Doc. 1 at 7]. The Plaintiff further alleges that the purported alterations deprived him of the opportunity to pursue a meaningful appeal. [Id. at 8]. If the Plaintiff were to succeed on these claims, that would necessarily imply that his convictions were invalid. Because the Plaintiff has not demonstrated that his underlying convictions have already been overturned or otherwise invalidated, the Plaintiff is barred from pursuing such claims here. See Heck, 512 U.S. at 487.

In sum, because the redress that Plaintiff seeks in this action would call into question the validity of his criminal convictions, the Court concludes that the present civil suit must be dismissed pursuant to Heck.

**B.    Res Judicata**

The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel. In re Varat Enters., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996) (citing Allen v. McCurry, 449 U.S.

90, 94 (1980)). Claim preclusion "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." Lucky Brand Dungarees, Inc. v. Marcel Fashion Grp., Inc., 140 S. Ct. 1589, 1594 (2020). Issue preclusion is more narrowly drawn and applies when the later litigation arises from a different cause of action between the same parties. Varat, 81 F.3d at 1315. Issue preclusion operates to bar a party "from relitigating an issue actually decided in a prior case and necessary to the judgment." Lucky, 140 S. Ct. at 1594 (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)).

For issue preclusion to apply, the proponent must establish that:

> (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

Sedlack v. Braswell Servs. Grp., Inc., 134 F.3d 219, 224 (4th Cir. 1998). All these factors are satisfied here. By the present civil action, the Plaintiff raises the identical issue that was previously litigated in his criminal case: namely, that the court reporter materially altered the transcripts of the criminal proceedings. Indeed, the Plaintiff raised this issue in at least two motions:

8

(1) the Motion to Produce Court Reporter Files [CR Doc. 185] and (2) the Motion for Correction or Modification of Record [CR Doc. 189-1]. Although these motions were filed after entry of the Judgment and while the criminal matter was on appeal, in both instances, the Fourth Circuit suspended briefing and remanded the case so that the district court could consider the motions.

This issue was actually determined in the prior proceedings in rulings by the district court. [See CR Docs. 188, 193]. Further, these determinations were a critical and necessary part of the criminal proceedings, as these rulings finalized the record that the Fourth Circuit ultimately considered on appeal. The Plaintiff argued that had his motions been successful, he likely would have prevailed on appeal and would have been entitled to a new trial. Further, the Plaintiff had a full and fair opportunity to litigate these issues and strenuously did so. He was represented by competent counsel, and the district court fully considered the merits of both motions.

Moreover, the Plaintiff's criminal judgment is now final. See Berman v. United States, 302 U.S. 211 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."); see, e.g., Sheehan v. Saoud, 526 B.R. 166, 177 n. 14 (N.D. W. Va. Jan. 28, 2015) (finding that a criminal judgment was final for purposes of collateral estoppel at

9

sentencing). The Plaintiff has been sentenced and his conviction has been affirmed on appeal. For all these reasons, the Court concludes that *res judicata* applies, and the Plaintiff is therefore precluded from relitigating this issue in the present civil action. Accordingly, the Court will dismiss this action with prejudice.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

The Clerk is instructed to close this civil case.

**IT IS SO ORDERED.**

Signed: September 21, 2020

Martin Reidinger
Chief United States District Judge